UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS GUADARRAMA,<br><br>        Petitioner,<br><br>    v.<br><br>THE PEOPLE OF CALIFORNIA,<br><br>        Respondent. | No. CV 20-11816-JWH (AGR)<br><br>ORDER TO SHOW CAUSE |

On December 22, 2020, Petitioner constructively filed a Petition for Writ of Habeas Corpus ("Petition"). The court construes the Petition as having been brought under 28 U.S.C. § 2241 because Petitioner was in custody pending a preliminary hearing in his criminal case. *See Dominguez v. Kernan*, 906 F.3d 1127, 1135 (9th Cir. 2018). For the reasons discussed below, the Court orders Petitioner to show cause, on or before **February 26, 2021**, why this Court should not recommend dismissal without prejudice based on what is commonly called *Younger* abstention.

I.

## SUMMARY OF PROCEEDINGS

Petitioner has been arrested for second degree burglary with prior convictions and unauthorized possession of keys to a public facility, California Polytechnic University ("Cal Poly"). (Petition at 2.) A preliminary hearing was scheduled on December 28, 2020. (*Id.* at 6.) Petitioner is represented by a public defender in the criminal case. (*Id.* at 2.)

Although not entirely clear, the Petition raises two grounds for relief: (1) his arrest on criminal charges violates a written and oral agreement he had with Cal Poly; and (2) "re-instatement under the emergency bail act pending trial on new binding case b/c of FTA" (failure to appear). (*Id.* at 3-4.) Petitioner has not raised these grounds for relief on appeal because he is still in pretrial proceedings. (*Id.* at 5.)

II.

## ABSTENTION

"As an exercise of judicial restraint, . . . federal courts elect not to entertain habeas corpus challenges to state court proceedings until habeas petitioners have exhausted state avenues for raising [a] federal claim." *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980); *see also Younger v. Harris,* 401 U.S. 37, 44-45 (1971).

"*Younger* abstention is appropriate when: (1) there is an ongoing state judicial proceedings; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 766-67 (9th Cir. 2018) (alterations and internal quotations omitted); *see Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

Here, all of the prerequisites to *Younger* abstention appear to have been met. *Younger* involved criminal proceedings and the Petition indicates that Petitioner's

criminal case remains pending in the trial court. *See Page v. King*, 932 F.3d 898, 902 (9th Cir. 2019) (state proceeding "plainly ongoing" before final judgment entered). Petitioner's claim involves California's important interest in the order and integrity of its criminal proceedings. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief"). Nothing prevents Petitioner from raising his federal claims in state court. Finally, the requested relief seeks to enjoin, or has the practical effect of enjoining, the state criminal proceeding. The first ground for relief seeks release on the ground that his arrest on criminal charges violates Petitioner's alleged agreement with Cal Poly. The second ground for relief seeks release on the ground that his subsequent arrest on the bench warrant for failure to appear was unwarranted because he was allegedly denied entry to the state courthouse due to health issues.[1] Therefore, *Younger* abstention appears appropriate.

Petitioner has not shown that any exception to *Younger* applies to this case. *Younger* abstention may not apply "if there is a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" *Arevalo*, 882 F.3d at 765-66 (quoting *Middlesex*, 457 U.S. at 437). A petitioner may show irreparable harm that is great and immediate. *Bean v. Matteuci*, 2021 U.S. App. LEXIS 1489, *12 (9th Cir. Jan. 20, 2021) (challenge to forcible injection of antipsychotic medications). Petitioner has not made any showing of irreparable harm, bad faith, harassment or any other extraordinary circumstance. Indeed, there is no indication that Petitioner has yet presented his arguments in his criminal proceeding.

---

[1] This case can be distinguished from *Arevalo*, in which the Ninth Circuit held that an excessive bail claim is distinct from the criminal prosecution. *Arevalo*, 882 F.3d at 766. In contrast to the situation in *Arevalo*, Petitioner claims he was arrested and remains in custody due to the state court's bench warrant for his failure to appear at a criminal hearing.

Petitioner is further advised that federal habeas relief is unavailable when, as here, Petitioner has not exhausted his claims for relief in California state court. 28 U.S.C. § 2254(b)(1); *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994). Petitioner bears the burden of demonstrating that he presented both the operative facts and the federal legal theory on which his claim is based to the California Supreme Court. *Duncan v. Henry*, 513 U.S. 364 (1995); *James*, 24 F.3d at 24.

## III.

## ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before **February 26, 2021**, Petitioner shall show cause, if there be any, in writing why this court should not recommend dismissal without prejudice based on *Younger* abstention.

***If Petitioner does not respond to this Order to Show Cause by February 26, 2021, the court may recommend that the Petition be dismissed, without prejudice, based on Younger abstention.***

DATED: January 27, 2021

ALICIA G. ROSENBERG
United States Magistrate Judge

4